UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MID-CONTINENT CASUALTY CO., a foreign corporation,

    Plaintiff,

vs.           CASE NO.:

EASTERN CONSTRUCTION GROUP, INC., a Florida Corporation, and EMILIO J. ALVAREZ and MARTHA L. ALVAREZ, citizens of Florida

    Defendants.      /

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, Mid-Continent Casualty Company ("MCC"), sues the Defendants, Eastern Construction Group, Inc. ("Eastern"), Emilio J. Alvarez and Martha L. Alvarez ("Alvarez") for declaratory relief as follows:

1. This is an action for declaratory relief pursuant to 28 U.S.C. §2201 for the purposes of determining an actual controversy between the parties as to the scope of MCC's duty to indemnify under its contract of insurance with Eastern.

2. The plaintiff, MCC, is an Ohio Corporation with its principle place of business in Tulsa, Oklahoma.

3. The defendant, Eastern, is a Florida Corporation with its principle place of business in Miami, Florida.

4. The defendants, Alvarez, are citizens of the state of Florida and currently reside in Miami, Florida.

5. Jurisdiction is proper because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest and costs.

6.     Venue is proper in the United States District Court for the Southern District of Florida, Miami Division, because one or more defendants reside here, or the events or omissions giving rise to the claims set forth below occurred here.

7.     MCC entered into a contract of insurance with Eastern, policy No. 04-GL-000689732 which was in effect from 9/24/2007 to 9/24/2008, with limits of liability of $1,000,000 per occurrence and $2,000,000 in the aggregate, and a $500 deductible per claim for property damage liability. A copy of the policy is attached as Exhibit "A" (the "Policy").

8.     The Policy contains the following relevant provisions:

**SECTION I - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.     **Insuring Agreement**

   a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance doe not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:

   (1)    The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

   (2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory":

        (2)    The "bodily injury" or "property damage" occurs during the policy period; and

        (3)    Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    c.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

    d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

        (1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

        (2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

        (3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

    e.    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

2.  **Exclusions**

This insurance does not apply to:

a.  **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b.  **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the 'bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

* * *

f.  **Pollution**

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

  (i) "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests;

  (ii) "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

  (iii) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

(2) Any loss, cost or expense arising out of any:

  (a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

  (b) Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants."

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

* * *

**k. Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

* * *

14473281v1  906255  56475

    **m.    Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    (1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

    (2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

    **n.    Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

    (1)    "Your product";

    (2)    "Your work"; or

    (3)    "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency. inadequacy or dangerous condition in it.

* * *

## SECTION V – DEFINITIONS

* * *

3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

8.    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    a.    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

14473281v1 906255 56475

    b.    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

\* \* \*

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

15.    "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Water includes materials to be recycled, reconditioned or reclaimed.

16.    "Products-completed operations hazard":

    a.    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        (1)    Products that are still in your physical possession; or

        (2)    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            (a)    When all of the work called for in your contract has been completed.

            (b)    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            (c)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

14473281v1 906255 56475

    b.    Does not include "bodily injury" or "property damage" arising out of:

        (1)    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by your, and that condition was created by the "loading or unloading" of that vehicle by any insured;

        (2)    The existence of tools, uninstalled equipment or abandoned or unused materials; or

        (3)    Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

**17.**    "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

**21.**    "Your product":

    a.    Means:

        (1)    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            (a)    You;

            (b)    Others trading under your name; or

            (c)    A person or organization whose business or assets you have acquired; and

        (2)    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    b.    Includes:

        (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

14473281v1 906255 56475

    (2)  The providing of or failure to provide warnings or instructions.

  c.  Does not include vending machines or other property rented to or located for the use of others but not sold.

22. "Your work":

  a.  Means:

    (1)  Work or operations performed by you or on your behalf; and

    (2)  Materials, parts or equipment furnished in connection with such work or operations.

  b.  Includes:

    (1)  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

    (2)  The providing of or failure to provide warnings or instructions.

9. The Policy contains the following endorsement:

**EXCLUSION – DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion **l.** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

2. Exclusions

This insurance does not apply to:

  l.  **Damage To Your Work**

    "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

          \* \* \*

10. Eastern was the construction manager or general contractor of Alvarez's home, located at 12335 Moss Ranch Road, Miami, Florida 33156 ("the Project").

14473281v1 906255 56475

11. Eastern was sued by Alvarez in the Eleventh Circuit Court in and for Miami-Dade County, Florida, Case No. 09-71623CA03. A copy of the complaint is attached as Exhibit B ("Underlying Action").

12. Eastern hired subcontractors, including D&C Construction Group, Inc., who was the drywall subcontractor who installed the drywall at the Project.

13. In the Underlying Action, Alvarez seeks damages allegedly caused by Eastern's defective work/defective product. These damages include the cost to remove and replace the defective work/defective product, the removal and replacement of all of the drywall, the replacement of other property such as air-conditioning and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, furnishings, electronic appliances, and other metal surfaces and household items. They also seek the repair or replacement of any materials contaminated or corroded by the drywall and economic damages such as diminution of the value of the home.

14. Alvarez also seeks, in the Underlying Action, the costs of moving while the home is being repaired, the cost of renting a comparable home while the repairs are taking place, loss of use of enjoyment, and loss of use of value of the home due to stigma.

15. In the Underlying Action, Alvarez also alleges that the drywall has created a private nuisance, interfering with Alvarez's health, comfort, safety, free use of their property, and/or peaceful enjoyment of the property.

16. Eastern tendered the Underlying Action to MCC for a defense and complete indemnification in the event of a judgment against it in the Underlying Action.

17. MCC is currently defending Eastern, subject to a full and complete reservation of rights.

14473281v1  906255  56475

Case No.:

18.     The Alvarezes are necessary parties to this action as their rights will be impacted by the court's determinations.

## COUNT I – NO DUTY TO INDEMNIFY FOR DAMAGES THAT DO NOT CONSTITUTE PROPERTY DAMAGE

19.     MCC realleges paragraphs 1 through 18 as paragraph 19 of Count I.

20.     MCC's duty to indemnify is limited to pay damages because of property damage caused by an occurrence. To the extent Alvarez is seeking to recover from Eastern the cost to repair and replace Eastern's defective work/defective product, as opposed to damage caused by Eastern's defective work/defective product, or damages for economic loss in the nature of the diminished value of their home because of stigma, such damages do not meet the definition of property damage.

21.     In view of the foregoing, an actual and present controversy exists between the parties as to the scope of MCC's obligation to indemnify its insured in the Underlying Action and in particular to:

    a.     Whether MCC has an obligation to indemnify Eastern for the cost to remove and replace the defective work/defective product;

    b.     Whether MCC has an obligation to indemnify Eastern for the cost to remove, repair and replace undamaged property in order to remove and replace the defective work/defective product for which no coverage is provided under the Policy;

    c.     Whether MCC has an obligation to indemnify Eastern for economic damages in the nature of the diminished value of their home or stigma damages; and

    d.     Whether MCC has an obligation to indemnify Eastern for only the damages, if any, that took place during the policy period.

14473281v1 906255 56475

22. Without this Court's declaration, the Underlying Action cannot be settled, as the parties are in doubt as to what damages constitutes property damage, if any, under the Policy.

23. Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of MCC under the Policy.

Wherefore, MCC respectfully requests this Court to:

a. Take jurisdiction over this matter;

b. Find and declare that MCC's obligation under its Policy is limited to indemnifying Eastern for property damage, if any, as that term is defined in the Policy;

c. Find and declare that MCC's obligation under its Policy is limited to indemnifying Eastern for property damage, if any, that took place during the policy period; and

d. Enter any other order the Court deems proper under the evidence and circumstances.

### COUNT II – NO DUTY TO INDEMNIFY FOR DAMAGES EXCLUDED FROM COVERAGE

24. MCC realleges paragraphs 1 through 18 as paragraph 24 of Count II.

25. Eastern was the builder or construction manager of the home and hired subcontractors to perform the work.

26. The MCC policy contains the expected and intended, breach of contract, your work, intentional acts, your product, damage to work performed by subcontractors on your behalf, pollution, impaired property and recall exclusions to coverage for bodily injury and property damage.

27. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of MCC's obligation to indemnify its insured in the Underlying Action.

14473281v1 906255 56475

28. Without this Court's declaration, the Underlying Action cannot be settled, as the parties are in doubt as to what damages are covered under the Policy.

29. Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of MCC under the Policy.

Wherefore, MCC respectfully requests this Court to:

a. Take jurisdiction over this matter;

b. Find and declare that MCC's obligation under its Policy is limited to indemnifying Eastern for damages, if any, not excluded by the Policy; and

c. Enter any other order the Court deems proper under the evidence and circumstances.

Dated: April 2, 2010.

HINSHAW & CULBERTSON LLP

Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
Pedro E. Hernandez
Florida Bar No. 30365
phernandez@hinshawlaw.com
9155 S. Dadeland Boulevard
Suite 1600
Miami, FL 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Counsel for Mid-Continent Casualty Company*